UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Universal Surveillance Corporation, | ) | |
| | ) | CASE NO. 5:11CV1755 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Checkpoint Systems, Inc., | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are objections to two Reports filed by the Special Master in this matter. First, Defendant Checkpoint Systems, Inc. objects to the recommendation made by the Special Master (Doc. 262) to deny its motion to dismiss the second amended complaint. Second, both parties object to the recommendation of the Special Master with regard to the three pending requests for sanctions. The Court now resolves the pending objections.

**I.     Motion to Dismiss Second Amended Complaint**

On September 28, 2013, Special Master David Cohen issued a Report recommending that Checkpoint's motion to dismiss the second amended complaint (Doc. 152) and Checkpoint's motion to strike Plaintiff USS' reply brief (Doc. 195) be DENIED. On October 11, 2013, Checkpoint filed objections to that recommendation.

In its objections, Checkpoint does not allege any legal or factual error in the Report of the Special Master. Instead, Checkpoint incorporates by reference all of the prior arguments made its

motion and briefs.  Even assuming *arguendo* that this constitutes a proper objection, the Court finds no merit in the objection.  The Special Master carefully reviewed this Court's first order denying a motion to dismiss and properly compared the second amended complaint to the complaint that the undersigned found legally sufficient.  The comparison done by the Special Master leads to the inescapable conclusion that the second amended complaint meets the pleading standard required by the Federal Rules of Civil Procedure.  Accordingly, the Report is hereby ADOPTED IN WHOLE.  Checkpoint's motion to dismiss (Doc. 152) and motion to strike (Doc. 195) are hereby DENIED.

> II.     Motions for Sanctions

On October 16, 2013, Special Master Cohen issued a report recommending that Checkpoint's motion for sanctions, USS's motion for sanctions related to the second amended complaint, and USS's cross-motion for sanctions all be denied.  Both parties have objected to that report.

In its objections, Checkpoint contends that the Report errs in finding that USS completed a sufficient pre-suit investigation to warrant the claims it had initially pled.  As it did in its motion, Checkpoint focuses upon the initial assertion from USS that Checkpoint had entered in exclusive contracts with a "substantial majority" of food and drug customers.  Checkpoint contends that USS ever-evolving response to an interrogatory on this point demonstrates beyond doubt that any pre-suit investigation was insufficient. Checkpoint asserts that once discovery moved forward, it was demonstrated that there existed evidence only to support a claim that 3 of 34 businesses in the relevant markets had exclusive contracts with Checkpoint.

Checkpoint's contention is exceedingly narrow.  In essence, Checkpoint contends that "substantial majority" was excessively misleading and should have been framed as a "substantial

share of the market."  However, it is entirely unclear to the Court how this would have altered the scope of this litigation.  Even assuming *arguendo* that USS could only identify the 3 businesses discussed above, there is nothing to suggest that discovery would have then been exclusively focused on those businesses.  Even without the broader allegations, there is no doubt from the Court's perspective that discovery would have ultimately included the entire defined market.  Accordingly, while perhaps the pleading could have been stated more precisely, the Court does not find it to be sanctionable.

Similarly, the Court finds that none of Checkpoint's conduct is sanctionable.  USS first takes issue with Checkpoint's motion to dismiss the second amended complaint.  In so doing, USS relies upon the Special Master's conclusion that it was relatively simple to deny the motion based upon a prior ruling by this Court.  In so doing, USS ignores that its second amended complaint was just that -- an amended complaint.  By its nature, it contained new and/or different allegations than prior-filed complaints.  Similarly, the motion to dismiss, while largely similar to its predecessor motion, also contained more nuanced arguments than the prior motion that were directly tied to the *new* allegations in the second amended complaint.  Just as the Special Master concluded, this Court cannot say that filing the motion was frivolous or vexatious.  Accordingly, it cannot serve as a basis for sanctions.

Finally, USS seeks sanctions for being forced to respond to Checkpoint's motion for sanctions.  However, as discussed above and by the Special Master, Checkpoint's motion was largely premised upon the fact that USS has presented an evolving theory of the facts.  While the Court has not found that evolving theory to be sanctionable, it certainly provided an arguable basis for Checkpoint's assertions that the initial allegations had not been properly investigated.  As such, the motion for sanctions filed by Checkpoint was not frivolous.

In closing, the Court would note that the Special Master issued a thorough 37-page opinion detailing his reasons for declining to issue sanctions entirely in this matter.  The Court finds the Report well-reasoned and finds no legal error therein.  The Court would further note that the Report only serves to highlight that both parties have continued to engage in some variation of hide-the-ball throughout this litigation.  The parties have been less than clear with respect to identifying witnesses, answering interrogatories, providing responsive documents, and maintaining consistent legal positions.  At the same time, the Court recognizes that the sheer volume of documents, depositions, and pleadings has made it increasingly difficult for the parties to maintain consistency.  Accordingly, the Court agrees that no sanctions are warranted at this time.

The parties, however, should take note of the shortcomings argued in the motions for sanctions and discussed by the Special Master in his Report.   Continued shortcomings of the same fashion going forward may very well result in sanctions.

### III.    Conclusion

Both of the Special Master's Reports are adopted in WHOLE.   The motion to dismiss the second amended complaint (Doc. 152), the motion for sanctions (Doc. 148), the cross-motion for sanctions (Doc. 155), and the second cross-motion for sanctions (Doc. 163) are hereby DENIED.

IT IS SO ORDERED.

April 15, 2014                                            */s/ John R. Adams*
Dated                                                           JUDGE JOHN R. ADAMS
                                                                      United States District Judge