UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Universal Surveillance Corporation, ) | |
| ) | CASE NO. 5:11CV1755 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| Checkpoint Systems, Inc., ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are objections to a Report (Doc. 394) filed by the Special Master on Checkpoint's motion to exclude inadmissible evidence (Doc. 360).  Both parties object to the recommendation of the Special Master.  The Court now resolves the pending objections.

**I.  Muscato Declaration**

On July 1, 2014, Special Master David Cohen issued a Report recommending that Checkpoint's motion to exclude inadmissible evidence be granted in part and denied in part.  A large portion of the Report resolves Checkpoint's objections to the declaration of Frank Muscato, the organized retail crime prevention supervisor at Walgreens.  In its objections, Checkpoint is unsatisfied with the Report's conclusion that only a portion of the Muscato declaration constitutes inadmissible hearsay.  In its objections, USS contends that the Report erred in finding *any* portion of the declaration to be inadmissible.  The Court finds no merit in either contention.

The Report at pages 8-12 lays out the relevant portions of the declaration.  In short, USS seeks to rely upon Muscato's observations to support his view that Checkpoint had some form of exclusive contract with Walgreens.  In so doing, the declaration recounts numerous statements made by Muscato's supervisor, Ken Amos.  The most relevant of these statements reflect that

Amos informed Muscato that Walgreens could not test out a USS product because of contractual obligations to Checkpoint. The Report excludes these statements as hearsay.

Checkpoint contends that large portions of the remainder of the declaration must also be excluded because they are nothing more than Muscato's understanding and experiences that were gleaned from this inadmissible hearsay. However, in so arguing, Checkpoint ignores that Muscato's understanding of the contractual relationship between Checkpoint and Walgreens is not formed exclusively from inadmissible hearsay. While this hearsay may have provided input into his understanding, actions that Muscato experienced also played a part in his conclusions. For example, the fact that Muscato was precluded from testing a USS product is, in and of itself, circumstantial evidence that *something* was preventing that act from occurring. Accordingly, as Muscato's opinions and conclusions have a basis in some admissible evidence, the Report was correct in allowing those portions to be considered by the Court.

Similarly, the Report was correct in excluding the most inflammatory hearsay from the declaration. While USS contends that all of this hearsay is merely contextual, it also ignores that the hearsay is the *exact* fact that it seeks to prove, only through inadmissible hearsay – namely that Checkpoint did in fact have an exclusive contractual agreement with Walgreen's. Even if this Court were to consider the statements to contextualize Muscato's experiences, the Court would nonetheless exclude them under Fed.R. Evid. 403 because of their highly prejudicial nature. Accordingly, both parties' objections to the Report's resolution of the Muscato declaration are overruled.

## II.     Interrogatory Responses

Checkpoint contends that the Report erred in refusing to exclude interrogatory responses from USS that Checkpoint contends contain inadmissible expert analysis. The Court finds no

merit in these objections.

Checkpoint contends that USS interrogatory response that asserts that four retailers make up 67.7% of the market contains inadmissible expert analysis that had never been disclosed in this litigation.  From the Court's perspective, Checkpoint appears to be assuming how USS intends to utilize this response and how the **Court** will allow this data to be used.  Upon review, the Court finds nothing about the initial response to suggest that it required any type of expert analysis.  As such, there is no basis to outright exclude it from consideration.  During its consideration of the pending motions for summary judgment, the Court will consider the nature of this evidence, its foundation (or lack thereof), and will determine whether it may utilized for the purposes sought in motion practice.  The objection, therefore, is overruled.

### III. Conclusion

The Special Master's Report is adopted in WHOLE.  The motion to exclude inadmissible evidence (Doc. 360) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

September 16, 2014             /s/ John R. Adams
Dated                           JUDGE JOHN R. ADAMS
                                United States District Judge