UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Universal Surveillance Corporation, | ) | |
| | ) | CASE NO. 5:11CV1755 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Checkpoint Systems, Inc., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are objections filed by Defendant Checkpoint to the Special Master's report (Doc. 337) recommending a ruling on Checkpoint's motion to bar certain testimony from Dr. Ramsey Shehadeh (Doc. 273) and Checkpoint's motion for leave to supplement its Rule 25 disclosures (Doc. 280).  The objections are overruled.  The Special Master's suggested relief is approved.  Accordingly, the motion to exclude is **DENIED**. Checkpoint, however, is permitted to take 1.5 hours of additional deposition of Dr. Shehadeh. Additionally, both parties may file **one** supplemental brief based upon information learned during this additional deposition time.   The supplemental brief shall not exceed 15 pages.    The motion for leave to supplement is **DENIED WITH PREJUDICE.**

Checkpoint objects to three aspects of the Master's report.  First, Checkpoint contends that the Master erred when he concluded that Dr. Shehadeh had properly opined, for the purposes of Rule 26, that there are two relevant markets:   a food and drug (F&D) market and a drug and

pharmacy (D&P) market.   Checkpoint contends that the expert's report is wholly devoid of any analysis or conclusion about the existence of a separate D&P market.

In raising this objection, Checkpoint first contends that whether USS had raised this allegation is irrelevant to any analysis of Dr. Shehadeh's report.   However, in so arguing, Checkpoint ignores that the Master raised this fact to highlight the lack of *prejudice* to Checkpoint from the conclusion that two separate markets exist.   Checkpoint can hardly claim unfair surprise upon learning that USS's paid expert reached the *precise* conclusion alleged in USS's complaint. As such, that fact remains highly relevant to the Master's ultimate conclusion.

Checkpoint's remaining arguments focus upon whether Dr. Shehadeh's report, charts, graphs, and back-up data reach and support a conclusion that there are two relevant markets.   For example, Checkpoint contends that the Master's interpretation of certain language in the report is at odds with the plain language of the report.   The Master, however, has demonstrated that a reasonable person could have construed the report to reach the conclusion that there are two relevant markets.   The Court concedes that the report is by no means perfectly worded, but the remedy sought by Checkpoint – exclusion of the opinion – extends far beyond any perceived ambiguity in the opinions contained in the report.

The remaining challenges to Dr. Shehadeh's report are more properly viewed as *Daubert* challenges as they attack the underlying validity of Dr. Shehadeh's methodology.   Accordingly, the Court will defer ruling on those arguments until following the Master's report on the outstanding *Daubert* motions.

Similarly, the Court has reviewed Checkpoint's contentions that Dr. Shehadeh's report focuses on only a handful of F&D retailers, but purports to show damages flowing from that *entire* market.   The Court agrees with the Special Master that the report adequately placed Checkpoint

on notice that the damages would be based upon the entire market due to the fact that the 11 retailers identified dominated the market share.   The Court agrees that Dr. Shehadeh's "validation" opinions – namely that smaller retailers would not even consider USS if they could not sell to the eleven largest retailers – was implicit with the Report.   Once more, while the report could have been worded in a more precise manner, the relief sought – exclusion – vastly exceeds any perceived insufficiency of the report.

Finally, the Court finds no merit in Checkpoint's contention that the Special Master's proposed remedy with respect to the report's profit margin analysis was somehow insufficient to remedy the late turnover of the software program.   Deposing Dr. Shehadeh for an addition 1.5 hours is more than sufficient to allow for inquiry into Dr. Shehadeh's analysis of profit margins. Given the passage of time, each party may file simultaneously one supplemental brief focused upon this additional area of inquiry.   The brief shall address all issues – those arising in both *Daubert* and dispositive motions.   The additional deposition and briefing shall be completed within 45 days of this order.

For the reasons stated in the report, the motion to exclude is DENIED.   Similarly, for the reasons stated by the Special Master, Checkpoint's motion for leave to supplement its initial disclosures is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


September 24, 2014                                     */s/ John R. Adams*
Dated                                                          JUDGE JOHN R. ADAMS
                                                                  United States District Judge